IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| SHIRLINGTON LIMOUSINE AND ) <br> TRANSPORTATION, INC., et. al. ) <br>  ) <br> Plaintiffs, ) <br>  ) <br>  ) <br> v. ) <br>  ) <br> THE SAN DIEGO UNION TRIBUNE, et. al, ) <br>  ) <br> Defendants, ) <br> _____ ) | CA No. 07-785- (RCL) <br> JURY TRIAL DEMANDED |

### FIRST AMENDED COMPLAINT

Come Now, Plaintiffs Shirlington Limousine and Transportation, Inc. (ASL&T@) and Christopher D. Baker (ABaker@), and respectfully file this case against Defendants, the San Diego Union- Tribune and the Copley Press, Inc. In support thereof, Plaintiffs allege the following:

### JURISDICTION AND VENUE

This Court has original jurisdiction over this action pursuant to 28 U.S.C. ' 1332 and supplemental jurisdiction over the pendent state-law claims pursuant to 28 U.S.C. ' 1367 and D.C. Code ' ' 13-334 and 424.

Venue is proper within the District of Columbia (AD.C.@) because Defendants operate a news publication business in D.C. and accordingly transact business in D.C. SL&T is a D.C. registered business, its principal office is in D.C., Plaintiffs conduct substantial business in D.C. with federal government agencies, and were injured in D.C. as a result of Defendants= publications.

## PARTIES

The Copley Press, Inc. publishes several newspapers, including the San Diego Union-Tribune, operates a national wire service, and is headquartered in the state of Ohio.

The San Diego Union - Tribune ("Tribune") is a newspaper located in San Diego, California and is distributed nationally; it operates a press office with several employees at the National Press Club in D.C.

SL&T is incorporated in the State of Virginia, is licensed as a foreign corporation in D.C., and its primary business address is located at 717 D Street, NW, Washington, D.C.

Baker is a citizen of the United States, a resident of the State of Virginia. He also maintains a residence in D.C.

## FACTS COMMON TO ALL CLAIMS

On April 28, 2006, the Tribune published an article titled: *"Co-Conspirators possible links to prostitute eyed."*

On April 29, 2006 the Tribune published a second article titled: *"Co-conspirator's alleged Prostitute link eyed; Feds examining Poway contractor's hotel-suite rentals."* These articles were circulated electronically including, but not limited through their website, in D.C.

Both Tribune articles were written by reporter Dean Calbreath ("Calbreath").

Therein, Defendants falsely and/or inaccurately stated among other things that a limousine would pick up former Congressman Duke Cunningham and a prostitute and take them to the ADCS hospitality suite, and that Shirlington Limousine and Transportation Service of Northern Virginia brought prostitutes to the suite.

The aforementioned published statements were false, made with reckless disregard for the truth, with malice and ill will.

Invariably, as a result of the Tribune=s publication of these articles, this information was circulated to numerous media outlets, including the Washington Post. On April 29, 2006 the Washington Post published an article titled: A*Prostitution Alleged in Cunningham Case,*@ which contained information from the Tribune and also stated that Baker provided prostitutes to Cunningham. Furthermore, Plaintiffs became the subject of extensive Congressional and media scrutiny.

Plaintiffs assert *respondeat superior.*

## COUNT I

## LIBEL

Paragraphs 1 through 13 are hereby incorporated by reference.

The aforementioned inaccurate published statements raised a cloud of suspicion and criminality regarding Plaintiffs= dealings with former Congressman Duke Cunningham (ACunningham@).

Said false and/or inaccurate statements were relied upon by numerous other newspapers, including the Washington Post, resulted in repeated national news stories, reports and media broadcasts, all of which damaged Plaintiffs= commercial and personal reputations.

Upon information and belief, Defendants knew or should have known, based upon their pre-publication research and investigation of the April 28 and 29, 2006 articles, that said information upon which they relied on and concerning Plaintiffs was either untrue, inaccurate or unreliable.

By reason of the foregoing libelous statements made or caused to be made by Defendants, Plaintiffs have been injured in their good name, fame and credit, and brought into public disgrace, and infamy in their community, and furthermore Plaintiff Baker suffered economic, commercial, emotional, psychological and political damage.

As a result of Defendants= aforementioned statements, Plaintiffs became the subject of a brutal and scathing witch hunt characterized by highly invasive, unwarranted congressional, federal agency and media scrutiny.  Following these articles, a Congressional Subcommittee of the House of Representatives= Committee on Homeland Security held a public hearing exclusively on SL&T, a member of Congress introduced a Congressional Resolution in the House of Representatives calling for an investigation of SL&T, Congresswoman Louise M. Slaughter requested the Department of Homeland Security (ADHS@) to cancel SL&T=s multi-million dollar federal contract with DHS, hundreds of media stories were published nationally which repeated the false allegations, SL&T=s lease at Ronald Reagan Airport was terminated, and other business damages occurred.

WHEREFORE, Plaintiffs respectfully pray this Court:

(a)    Award compensatory damages in an amount in excess of twenty-five million dollars ($25,000,000);

(b)    Award punitive damages in an amount in excess of twenty five million dollars ($25,000,000);

(c)    Award such further relief as this Court deems just and proper.

**COUNT II**

4

**LIBEL *PER SE***

Paragraphs 1 through 19 are hereby incorporated by reference.

Defendants= aforementioned statements falsely accused Plaintiff Baker of committing criminal acts including, but not limited to, knowingly transporting and providing prostitutes for services; said allegations constituted defamation (libel) *per se*.

Defendants= aforementioned statements were untrue and inaccurate.

Further, said false and inaccurate statements caused substantial and irreparable harm to Plaintiffs= respective reputations and significant emotional trauma to Plaintiff Baker in particular.

WHEREFORE, Plaintiffs respectfully pray this Court:

(a) Award compensatory damages in an amount in excess of twenty-five millions ($25,000,000); and

(b) Award punitive damages in an amount in excess of twenty five million dollars ($25,000,000).

**COUNT III**

**FALSE LIGHT**

Paragraphs 1 through 23 are hereby incorporated by reference.

Defendants= aforementioned statements were untrue and inaccurate and put Plaintiffs in a false light.

Further, said false, and inaccurate statements caused substantial and irreparable harm to Plaintiffs= respective personal and commercial reputations and significant emotional trauma to Plaintiff Baker in particular.

WHEREFORE, Plaintiffs respectfully pray this Court:

(a) Award compensatory damages in an amount in excess of twenty-five millions ($25,000,000); and

(b) Award punitive damages in an amount in excess of twenty five million dollars ($25,000,000).

**JURY DEMAND**

Plaintiffs request a **jury trial** on all issues.

Respectfully submitted,

_____
Donald M. Temple, Esq. (#408749)
TEMPLE LAW OFFICES
1229 15th Street, NW
Washington, D.C. 20005
(202) 628-1101 Phone
(202) 628-1149 Fax

*Counsel for Plaintiffs*

6