IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIRLINGTON LIMOUSINE AND TRANSPORTATION, INC., et al.<br><br>    Plaintiffs,<br><br>v.<br><br>SAN DIEGO UNION TRIBUNE, et al.<br><br>    Defendant | :<br>:<br>:<br>:<br>:<br>: Civil Action No.: 1:07-cv 00785<br>: (RCL)<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE FOR IMPROPER VENUE**

**INTRODUCTION**

Traditionally, in civil actions involving newspaper publishers, this Court has refused to find jurisdiction under section (a)(4) of D.C. Code §13-423, the so-called "long arm" statute, on the grounds of what has become known in the District of Columbia as the "newsgathering exception." The court's reasoning is that, in minimal contact situations, the First Amendment protects newsgathering activities in the nation's capital and weighs against the assumption of personal jurisdiction over a nonresident publisher. *See Bulletin Co. v. Origoni*, 387 F.2d 240, cert. denied, 389 U.S. 928 (1967). However, in the case at bar, Plaintiffs rely upon D.C. Code § 13-334, and not the "long arm" statute referenced by Defendants in its Motion to Dismiss. Thus, and contrary to Defendants' assertion otherwise, it is Plaintiffs' position that this Court has not ruled on the jurisdictional issue as presented in Plaintiffs First Amended Complaint.

## STATEMENT OF FACTS

Plaintiff Shirlington Limousine and Transportation, Inc., ("SL&T") is a Virginia corporation, with its principle place of business located within the District of Columbia. Plaintiff Chris Baker is the President of SL&T, resides in Virginia, and carries on continuous business within the District of Columbia. Defendant Copley is incorporated and headquartered in Ohio and San Diego County, California respectively. Copley also, owns local daily and weekly newspapers in California, among other states, one of which is the San Diego Union Tribune. On or about April 28 or 29, 2006, Defendant San Diego Union Tribune ("Tribune") published false and defamatory articles regarding Plaintiffs. Specifically the Tribune quoted an unnamed source "close to the investigation" saying that according to "Mitchell Wade, who pleaded guilty in February to bribing [Senator Duke] Cunningham. … A limousine would pick up Cunningham and a prostitute and take them to the ADCS hospitality suite, Wade reportedly told investigators." Further, in the next full paragraph, the Tribune reported "…Shirlington Limousine & Transportation Service of Northern Virginia brought prostitutes to the suite."

Shortly thereafter, and as a direct and proximate result of the articles published by Defendants, Plaintiffs were brought before the U.S. House of Representatives Subcommittee on Management, Integration and Oversight, Chaired by The Honorable Michael Rogers. A number of the committee's written questions to Plaintiffs addressed Plaintiffs activities prior to April 27, 2004.[1]

As a direct and proximate result of the articles published by Defendants, as well

---

[1] By letter dated June 27, 2006, Chairman Rogers and the Committee's ranking member the Honorable Kendrick B. Meek, submitted the committee's third set of questions to Plaintiffs. Prior questions were submitted June 10, 2006 and June 19, 2006. Plaintiffs cooperated with the committee, responding in a timely fashion in each instance.

as the innuendo resulting there from, the Honorable Louise M. Slaughter continued attacking Plaintiffs when she denigrated the Department of Homeland Security's decision to extend valuable contracts awarded to Plaintiffs.  On or about October 19, 2006, Rep. Slaughter issued a press release wherein she quoted not only the initial article issued by Defendant Tribune, but also articles published in the Wall Street Journal published April 27, 2006, Harper's Magazine, May 3, 2006, and The Washington Post, May 6, 2006.

As a direct and proximate result of the false and defamatory articles published by Defendant, repeated by other publications, Plaintiffs were unnecessarily subjected to unwarranted congressional scrutiny and personal attacks.[2]  Further, members of Congress called for the cancellation of Plaintiffs' contract with Department of Homeland Security valued at approximately $25 million.  Further to that, Plaintiffs' lease at Ronald Reagan National Airport was terminated, and suffered loss of valuable business and damage to Plaintiffs' good business reputation.

---

[2] During the course of the congressional inquiry, it was reported by The Post and Harper's Magazine that **seventeen years** earlier, Plaintiff Chris Baker had a criminal record.  No mention was made of the fact as to whether Plaintiff Baker had an affirmative duty to disclose his ancient criminal record, nor, and more importantly, was any mention made of the fact that Plaintiff Baker had turned his life around.

**ARGUMENT**

A. **COPLEY AND THE SAN DIEGO UNION TRIBUNE ARE SUBJECT TO GENERAL JURISDICTION PURSUANT TO D.C. CODE § 13-334**

In its motion to dismiss, Defendants' litany of authorities relies primarily on the "newsgathering exception" to the long arm statute expressed in § 13-423(a). *Deutsch v. U.S. Dept. of Justice,* 881 F.Supp. 49 (D.D.C. 1995) (The District of Columbia long arm statute, D.C. Code § 13-423 is the only basis upon which personal jurisdiction may be obtained over defendants); *Wiggins v. Equifax Inc.*, 853 F.Supp 500, 502 (District of Columbia Code Section 13-423 states the conditions under which a District of Columbia Court may exercise personal jurisdiction); *Dickson v. United States*, 831 F.Supp 893, 897 (D.D.C. 1993) (There are here are two statutory provisions authorizing a court to grant personal jurisdiction, neither of which are available to the Plaintiff. ….D.C.Code § 13-422……[and]….. [t]he relevant portion of the statute provides personal jurisdiction over a person for claims arising from the person's "transacting any business in the District of Columbia." D.C.Code § 13-423(a)(1)).

It is significant to note that this Court distinguished §13-334 from §13-423 when it held that the long-arm statute is not the exclusive ground to acquire personal jurisdiction. *Alphonso Ross v Product Development Corp, et. al.*, 736 F.Supp. 285 (D.D.C., 1989). This court may exert jurisdiction over the corporate defendant pursuant to §13-334 if two conditions are met: (1) defendant must be "doing business" in the District and (2) service must comport with due process. *AMAF Int'l Corp. v Ralston Purina Co.,* 428 A.2d 849, 851 (D.C. 1981). In *Product Development,* this Court unequivocally stated: "Unlike the long-arm statute, § 13-334 confers jurisdiction over the

defendant for all purposes, not merely for those claims arising out of the defendant's contacts with the District. *Id* at 850.

The second requirement for this court to properly assert personal jurisdiction over a nonresident defendant is that service of process over the nonresident must be authorized by statute and be within the limits set by the due process clause of the United States Constitution. *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). This Court has ruled that the jurisdictionional reach of the "doing business" statute under §13-334(a) is coextensive with the reach of constitutional due process. *Hughes v. A.H. Robins Co.*, 490 A2d 1140, 1148 (D.C. 1985). "We may find jurisdiction if [Defendant]….has been carrying on in [the District] a continuous and systematic, but limited, part of its general business." *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437,438, (1952).

Notwithstanding the line of cases cited by Defendants, §13-334 permits courts to exercise "general jurisdiction" over a foreign corporation as to claims not arising from the corporation's conduct in the District, if the corporation is "doing business" in the District. *David J. Gorman, d/b/a Cashbackrealty.com v. Ameritrade Holding Corporation, et. al.*, 293 F.3d 506 (D.C. Cir. 2002).[3] Further, this Court has held that compliance with [§ 13-334] gives rise to personal jurisdiction over a foreign corporation doing business in the District. *AMAF Int'l Corp.* A.2d at 849, 850 (D.C. 1981).

**B.** **Defendants Copley and San Diego Union Tribune are Foreign Corporations Doing Business in the District of Columbia and thus Subject to § 13-334 of the D.C. Code**

---

[3] D.C. Code § 13-334(a) provides: In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or, where he is absent and can not be found, by leaving a copy at the principal place of business in the District or where there is no such place of business by leaving a copy a the place of business or residence of the agent in the District and that service is effectual to bring the corporation before the court.

Plaintiffs contend both requirements for asserting jurisdiction pursuant to § 13-334 over Defendants are met in the present case. Defendants aver, "Copley is headquartered in San Diego County and owns local daily and weekly newspapers in California." Defendants Memorandum of Points and Authorities in Support of Defendants Motion to dismiss the First Amended Complaint ("Defendants Points and Authorities") at 4. Similarly, the San Diego Union Tribune, a subsidiary of Copley also operates from San Diego County. According to Defendants, "Copley *conducts business* in the District of Columbia via Copley News Service…." Defendants Points and Authorities at 9 (emphasis added). Thus, Defendants are foreign corporations conducting business in the District of Columbia.

Further, Defendants are doing business in the District of Columbia. In an earlier case, this court found that, "Copley Press readily concedes, defendant operates a bureau in the District and thus, by definition, transacts business in the District." *Lohrenz v. Donelly, et. al.*, 958 F.Supp.17, 18. (D.D.C. 1997). Plaintiff in *Lohrenz* failed to establish a *prima facie* case in part because "[t]he long-arm statute grants the Court jurisdiction only where the 'operative facts' of the claimed injury arise from the defendant's specific transacted business in the District." *Id*. According to Defendants in the present case, "Nothing dictates a different result here." Defendants Points and Authorities at 2. We disagree.

*Lohrenz* is uniquely distinguished from the present case because Plaintiffs here rely on §13-334 and not the "long-arm statute," §13-423. In *Product Development,* this Court unequivocally stated: "Unlike the long-arm statute, §13-334 confers jurisdiction over the defendant for all purposes, not merely for those claims arising out of the

defendant's contacts with the District. *Product Development* at 850; *see also Ramamurti v. Rolls-Royce, Ltd.*, 454 F.Supp. at 409 (as long as foreign corporation is "doing business" in the District, it is amenable to service here, regardless of any connection between the claim for relief and this jurisdiction); *cf Helicopteros,* 466 U.S. at 414, (state can constitutionally exert jurisdiction even where claim does not arise out of or relate to defendant's activities in forum if sufficient contacts exist between defendant and forum).

Even though there are "no hard and fast rules as to what constitutes 'doing business', District of Columbia courts have defined it as 'any continuing corporate presence in the forum state directed at advancing the corporation's objectives.'" *Product Development* 736 F.Supp. at 290 (citing *AMAF International*, 428 A.2d at 851). Thus and because Defendants are doing business in the District, Defendants must be amenable to service. Consequently, Defendants' assertion that the lawsuit does not relate to the business conducted in the District of Columbia lacks merit.

**C.** **THE DISTRICT OF COLUMBIA IS THE PROPER VENUE FOR THIS CASE BECAUSE THIS COURT HAS PERSONAL JURISDICTION OVER DEFENANTS A SUBSTANTIAL PART OF THE EVENTS LEADING TO THIS LAW SUIT OCCURRED IN THE DISTRICT OF COLUMBIA**

In federal courts, venue is interdependent with personal jurisdiction and proper service of process. *See Mutual Intern. Export Co. v. Napco Industries, Inc.*, 316 F.2d 393 (D.C. Cir. 1963). Service of process here has not been called into question. According to 28 U.S.C. § 1391(a)(3), a defendant may be hailed into a district "where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." Therefore, standing on Plaintiff's argument for personal jurisdiction based on § 13-334, the court should find the District of

Columbia a proper venue for this action. *See* Supra Parts A and B.

Section 1391(a)(2) "explicitly recognizes that venue may be proper in more than one district." *Abramoff v. Shake Consulting, LLC*, 288 F.Supp.2d 1, 4 (D.D.C. 2003) (citations omitted). Courts "no longer ask which district among the two or more potential forums is the 'best' venue." *See also Setco Enters. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994) (citations omitted). All that is necessary to determine proper venue is a determination as to "'whether the district the plaintiff chose had a substantial connection to the claim'" *FC Investment Group LC v. Lichtenstein*, 441 F.Supp.2d 3, 11 (D.D.C.2006) (quoting *Setco*, 19 F.3d at 1281).

The first step in determining proper venue, the court must assume that the plaintiff's allegations are true. *See Quarles v. Gen. Inv. & Dev. Co.*, 260 F.Supp.2d 1, 8 (D.D.C. 2003). Specifically, the substantial connections standard set forth in Section 1391(a)(2) "'may be satisfied by a communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action.'" *Lichtenstein*, 441 F.Supp.2d at 11 (quoting *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 153-54 (2nd Cir. 2001)).

Notwithstanding, the District of Columbia is a proper venue for this case because a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia. § 1391(a) (2). Plaintiffs are residents of the District of Columbia and the tortious conduct had its primary effect in the District of Columbia as alleged as follows:

1. The "article [at issue in this action] was also circulated electronically in D.C. and elsewhere throughout the country." (Paragraph 8 of First Amended Complaint)

2. Therein, Defendants falsely and/or inaccurately stated among other things:

    a. A limousine would pick up (former Congressman Duke) Cunningham and a prostitute and take them to the ADCS hospitality suite, and

    b. That Shirlington Limousine and Transportation Service of Northern Virginia brought prostitutes to the suite. (Paragraph 10 of First Amended Complaint)

3. Invariably, as a result of the publication of the Tribune articles, this information was circulated to the Washington Post. …Furthermore, Plaintiffs became subject to extensive Congressional and media scrutiny. (Paragraph 12 of First Amended Complaint)

4. By reason of the foregoing libelous statements made or caused to be made by Defendants Plaintiffs have been injured in their good name, fame and credit, and brought into public disgrace, and infamy in their *community*…. (Paragraph 18 of First Amended Complaint) (emphasis added).

Therefore, since Plaintiff's have clearly alleged facts sufficient to establish a "substantial part of the events" precipitating this action occurred in the District of Columbia.

**CONCLUSION**

Defendants are subject to personal jurisdiction in the District of Columbia because they were at the time of the commencement of this action doing business in the District of Columbia. Furthermore, the District of Columbia is a proper venue for this action because a substantial part of the events leading to this lawsuit occurred in this district. For these and the foregoing reasons and points of law and fact, Defendants' Motion to Dismiss should be denied.

        Respectfully Submitted

        Temple Law Offices

        /s/ Donald M. Temple
        Donald M. Temple
        1229 15th Street, N.W.
        Washington, D.C. 20005
        (202) 628-1101
        templepc@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHIRLINGTON LIMOUSINE AND TRANSPORTATION, INC., et al.** : | |
| : | |
| **Plaintiffs,** | : Civil Action No.: 1:07-cv-007885 |
| | : (RCL) |
| v. | : |
| | : |
| **SAN DIEGO UNION TRIBUNE, et al.** | : |
| | : |
| **Defendant** | : |

**ORDER**

UPON CONSIDERATION OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE FOR IMPROPER VENUE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF AND THE ENTIRE RECORD, IT IS BY THE COURT THIS _____ DAY OF _____, 2007,

ORDERED THAT THE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION BE AND IS HEREBY **DENIED**; AND IT IS FURTHER

ORDERED PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEROF HEREBY IS ACCEPTED FOR FILING AS OF NOVEMBER 5, 2007.

SO ORDERED.

JUDGE LAMBERT

COPIES TO:

DONALD M. TEMPLE, ESQ.
TEMPLE LAW OFFICES
1229 15TH STREET, N.W.
WASHINGTON, D.C. 20005

PAIGE A. LEVEY
1497 CHAIN BRIDGE ROAD
SUITE 202
MCCLEAN, VA 22101