IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHIRLINGTON LIMOUSINE AND TRANSPORTATION, INC. | ) ) ) | |
| and | ) ) | |
| CHRISTOPHER D. BAKER, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:07-cv-00785 (RCL) |
| THE SAN DIEGO UNION TRIBUNE | ) ) | |
| and | ) ) | |
| THE COPLEY PRESS, INC., | ) ) | |
| Defendants. | ) | |

---

### DEFENDANTS THE COPLEY PRESS, INC.'S AND THE SAN DIEGO UNION-TRIBUNE'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE FOR IMPROPER VENUE

Defendants The Copley Press, Inc. and The San Diego Union Tribune (collectively, "Copley"), by counsel, respectfully submit this Reply in further support of their motion, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the First Amended Complaint of Plaintiffs Shirlington Limousine and Transportation, Inc. ("Plaintiff" or "Shirlington") and Christopher D. Baker ("Plaintiff" or "Baker") for lack of personal jurisdiction or, alternatively, for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

### INTRODUCTION

Plaintiffs' Opposition appears to ignore largely the facts and arguments set forth in the Motion to Dismiss. Plaintiffs even cite many of the same cases cited by Defendants. Plaintiffs

seem to misunderstand the fundamental controlling doctrines at issue here.

Plaintiffs' Opposition also fails to identify any sort of factual predicate in the First Amended Complaint to even establish, much less bolster, their conclusory allegations about Defendants and the purported basis for the assertion of personal jurisdiction over Defendants – who reside some 2,500 miles from this Court.

After going through a string of facts completely unrelated to the issues raised in the Motion to Dismiss,[1] Plaintiffs' Opposition appears to make three principal arguments. First, Plaintiffs argue in a general fashion that Defendants are subject to general jurisdiction pursuant to D.C. Code § 13-334. See Opposition at pp. 4-5. Second, somewhat redundantly, Plaintiffs assert that Defendants are "Foreign Corporations Doing Business" in the District of Columbia and thus subject to D.C. Code § 13-334. Id. at pp. 5-7. Third, Plaintiffs assert that venue is proper in the District of Columbia because a substantial part of the events leading to the suit occurred in the District of Columbia. Id. at pp. 7-10. These arguments are unsupportable.

Notably, Plaintiffs abandon entirely any contention that Defendants are subject to personal jurisdiction in the District of Columbia pursuant to the long-arm statute, i.e., that their argument is based on an assertion of specific personal jurisdiction. Thus, we do not further argue issues attendant to such a theory.

## ARGUMENT

### I.    DEFENDANTS ARE NOT SUBJECT TO GENERAL JURISDICTION UNDER D.C. CODE § 13-334(a).

Throwing all of their eggs in one basket, Plaintiffs take the position that Defendants are subject to general jurisdiction pursuant to D.C. Code § 13-334 as "Foreign Corporations Doing Business" in the District of Columbia. However, as addressed at length in the Motion to

---

[1]    For instance the Opposition (at pp. 2-3) describes the nature and extent of Congressional investigations into Plaintiffs' conduct and activities, none of which is relevant to issues of personal jurisdiction or venue.

Dismiss, Plaintiffs simply cannot demonstrate this. "Under the doctrine of general jurisdiction [pursuant to D.C. Code § 13-334(a)], a court may exercise personal jurisdiction over a non-resident defendant when that non-resident defendant has engaged in 'continuous and systematic general business contacts' in the forum, notwithstanding the fact that those contacts do not relate to the underlying cause of action." Atlantigas Corp. v. Nisource, Inc. et al., 290 F. Supp. 2d 34, 50 (D.D.C. 2003) (finding no basis for assertion of general personal jurisdiction over nonresident defendant) (citing cases, including Helicopteros v. Nacionales de Columbia, S.A., v. Hall, 466 U.S. 408, 416 (1984)).

The First Amended Complaint fails to expressly allege that Defendants have engaged in continuous and systematic general business contacts in the District of Columbia, and also fails to plead any facts which might support such a theory. As discussed extensively in the brief in support of the Motion to Dismiss, the passing reference to Defendants' website is insufficient as a matter of law. Indeed, **Plaintiffs make no argument at all** that Defendants' website is a basis for the assertion of general personal jurisdiction in this case.

Plaintiffs rest their entire argument as to why general jurisdiction over Defendants is proper on the fact that Defendants maintain a news bureau (i.e., a newsgathering division) – Copley News Service -- here in the District of Columbia. See Opposition at p. 6. **But the whole point of the "newsgathering exception,"** discussed at length in our motion papers, **is to except from the category of jurisdictional contacts newsgathering services of newspapers.** See Neely v. Philadelphia Inquirer Co., 62 F.2d 873, 875 (D.C. Cir. 1932). In Neely the Court wrote:

> As the seat of national government, Washington is the source of such news of national importance, which makes it desirable in the public interest that many newspapers should maintain vigilant correspondents here. If the employment of a Washington correspondent, the announcement of his address, and the payment of his office rent, subjects a nonresident newspaper corporation to legal process in Washington for matter appearing in its paper at home, it would bring in nearly every important newspaper in the nation, and many foreign publishing corporations, which in our opinion the present statute does not do.

Id. See also Moncrief v. Lexington Herald-Leader Co., 807 F.2d 217, 222 (D.C. Cir. 1986) (citing Neely); Margoles v. Johns, 333 F. Supp. 942 (D.D.C. 1971), aff'd, 483 F.2d 1212 (D.D.C. 1973) (foreign newspaper corporation which maintains an office and news correspondents in the District for the gathering of news **is not "doing business"** under § 13-423); Riss & Co. v. Association of Western Railways, 159 F. Supp. 288, 292 (D.D.C. 1958) ("[A]n out-of-town newspaper is, strictly speaking, engaged in the business of selling newspapers for profit within its circulation area, and, thus, **maintaining a correspondent in Washington merely to gather the news does not constitute 'doing business' in the District of Columbia."**) (emphasis added).

Plaintiffs' simplistic and unsupported assertions that Defendants are "doing business" completely fails to meet their burden. The best Plaintiffs seem to be able to do is make generic reference to the proposition that, "[e]ven though there are "no hard and fast rules as to what constitutes 'doing business', District of Columbia courts have defined it as 'any continuing corporate presence in the forum state directed at advancing the corporation's objectives.'" See Opposition at p. 7 (citing Alphonso Ross v. Product Development Corp. et al., 736 F. Supp. 285, 290 (D.D.C. 1989) and AMAF Int'l Corp. v. Ralston Purina Corp., 428 A.2d 849, 851 (D.C. 1981)).

But neither Alphonso nor AMAF involved a news gathering bureau. And, both factual scenarios were markedly different from those here. The Alphonso case presents a compelling contrast to the facts in this case. In Alphonso the defendant had

> been authorized for more than four years to operate in the District. It maintains a registered agent in the District and conducts business in the District on a regular and on-going basis twenty-one out of fifty-two weeks each year, year after year. Its activities clearly advance the corporation's purpose – as set forth in [defendant's] articles of incorporation – of distributing printed matter. See Plaintiff's Response to Defendant's Supplement, Attachment 2. For these reasons, the court finds [defendant] 'does business' in the District of Columbia.

736 F. Supp. at. 290.

The AMAF case similarly presents a rich and extensive factual basis for jurisdiction which is absent here. In AMAF the defendant was

> qualified to do business in the District of Columbia and has been for some twenty-five years. It maintains a registered agent here as a condition of that privilege. Moreover, appellee concedes that it does do business here, selling its products in our local supermarkets for both human and animal consumption. In fact, appellant asserts that its decision to initiate the particular contract involved in this litigation was based at least in part on appellee's advertising of its products in the District of Columbia and appellee's reputation as a manufacturer of animal feed. These facts are sufficient to support the exercise of personal jurisdiction over appellee under 13-334(a).

428 A.2d. at 852.

Plaintiffs' citation to Hughes v. A.H. Robins Co., 490 A.2d 1140 (D.C. 1985), see Opposition at p. 5, is also misplaced. Indeed, in Hughes the Court of Appeals affirmed the trial court's dismissal on the basis of a lack of personal jurisdiction, so it is unclear why Plaintiffs cite it in the first place. In any event in Hughes the defendant had far greater contacts and relations with the District of Columbia than these defendants. Nevertheless, the Court found that defendant's activities in the District of Columbia were not both substantial and continuous such that defendant had the minimum contacts which are constitutionally required. Id. at 1151.

## II.    THE DISTRICT OF COLUMBIA IS NOT THE PROPER VENUE FOR THIS CASE.

As an independent and alternative basis for dismissal, Defendants have asked the Court to dismiss this lawsuit on the ground that venue is improper. In cases based upon diversity of citizenship, venue is only proper in a district where:

(1) any defendant resides if all defendants reside in the same state:

(2) a substantial part of the events or omissions giving rise to the claim occurred; or

(3) where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Plaintiffs take the position that because – according to them – personal jurisdiction is proper in the District of Columbia, subsection (a)(3) applies and entitles them to a finding of proper venue. See Opposition at p. 7 ("Therefore, standing on Plaintiff's argument for personal jurisdiction based on § 13-334, the court should find the District of Columbia a proper venue for this action."). But Plaintiffs apply only half of the statutory provision; they ignore the language that venue is proper where a defendant is subject to personal jurisdiction "if there is no district in which the action may otherwise be brought." Venue pursuant to § 1391(a)(3) is improper not only because, as set forth above, personal jurisdiction over Defendants is improper, but also because, even if personal jurisdiction were proper, there is at least one other jurisdiction where the claim against Defendants may be brought, i.e., California. Therefore, venue pursuant to § 1391(a)(3) is not a viable option.

Plaintiffs' opposition also argues that venue is proper in the District of Columbia because a substantial part of the events leading to the suit occurred in the District of Columbia. As previously noted in our Motion, it is Plaintiffs' burden to allege facts sufficient to establish proper venue. Lamont v. Haig, 590 F.2d 1124, 1136 (D.C. Cir. 1978); Williamson v. McKinney, 1988 WL 80049 (D.D.C. 1988). The purpose of the statutory venue provisions is to "protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Leroy v. Great Western United Corp., 443 U.S. 173, 183-184 (1979). Here, the First Amended Complaint fails to allege facts sufficient to establish proper venue.

**None of the events giving rise to the claim alleged in the First Amended Complaint occurred in the District of Columbia.** As a matter of law, any alleged transgression occurred in San Diego, California, the site where the articles were published. See, e.g., Moncrief, 807

F.2d at 221 (in defamation actions the place of the act or omission is the location of the publication, not the place of the injury).

Moreover, a "substantial part of the events" took place in San Diego. Indeed, the only district where the events and occurrences could have taken place is in the Southern District of California, the residence of Copley and The San Diego Union Tribune, and the place where the allegedly defamatory newspaper articles were researched, written and published. See Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995) (affirming dismissal on the basis of improper venue) ("We think it far more likely that by referring to 'events or omissions giving rise to the claim,' Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff."). In this regard it is undisputed that all the alleged misconduct of Defendants occurred in California. Plaintiffs' attempt to establish venue on the ground that Defendants' alleged misdeeds **affected** Plaintiffs in the District of Columbia is an approach that has been specifically rejected by Courts. See, e.g., id. (where Plaintiff's claim that he felt the effects of the defendant's conduct in the district where he resided and filed suit did not mean that the events or omissions giving rise to the claim occurred in that district).

As an alternative ground, the Court should dismiss this lawsuit against Defendants Copley and The San Diego Union Tribune on the ground that venue is improper.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the original Motion papers, Defendant Copley Press, Inc. and The San Diego Union Tribune respectfully request this Court to dismiss them as defendants from this lawsuit for lack of personal jurisdiction. Alternatively, Defendant Copley Press, Inc. and The San Diego Union Tribune request that they be dismissed from this lawsuit for improper venue.

DATED:  November 13, 2007                   SANDS ANDERSON MARKS & MILLER
                                            A Professional Corporation


                                            _____/s/ Paige A. Levy_____
                                            Paige A. Levy        D.C. Bar No. 453535
                                            plevy@sandsanderson.com
                                            1497 Chain Bridge Road
                                            Suite 202
                                            McLean, VA  22101
                                            (703) 893-3600
                                            (703) 893-8484 (fax)

                                            **Counsel for Defendants**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing DEFENDANTS THE COPLEY PRESS, INC.'S AND THE SAN DIEGO UNION-TRIBUNE'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE FOR IMPROPER VENUE was filed electronically with the court's CM/ECF system and pursuant to the Court's electronic filing procedures on November 13, 2007, which will send notification of such filing to the following:

            Donald. M. Temple
            Donald M. Temple, P.C.
            1229 15th Street, NW
            Washington, DC  20005
            (202) 628-1101
            (202) 628-1149 (fax)
            dtemplelaw@aol.com
            **Counsel for Plaintiffs**


                                            _____/s/ Paige A. Levy_____
                                            Paige A. Levy        D.C. Bar No. 453535
                                            plevy@sandsanderson.com
                                            Sands Anderson Marks & Miller, PC
                                            1497 Chain Bridge Road
                                            Suite 202
                                            McLean, VA  22101
                                            (703) 893-3600
                                            (703) 893-8484 (fax)

                                            **Counsel for Defendants**